OHIO RIVER COMPANY, Appellant, et al.; Consolidated
Grain & Barge Company, Appellee.

[Cite as *Addison v. Ohio River Co.* (1997), 120 Ohio App.3d 172.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–960257.

Decided May 14, 1997.

*Schroeder, Maundrell, Barbiere & Powers* and *William P. Shroeder,* for appellant.

*Wood & Lamping, David A. Caldwell* and *William R. Ellis,* for appellee.

MARIANNA BROWN BETTMAN, Presiding Judge.

Third-party plaintiff-appellant Ohio River Company has brought this appeal from the order of the trial court granting summary judgment in favor of third-party defendant-appellee Consolidated Grain & Barge Company ("Consolidated Grain").

## DEFINITIONS AND PARTIES

To understand this appeal, and to prevent error again, certain terms, claims, and definitions unique to admiralty law must be understood. Ronnie Addison, the injured party in this case, is a longshore worker. A longshore worker is a worker who loads and unloads ships. The Aurora Terminal Company ("Aurora"), which is not a party to this action, is a stevedore. A stevedore is employed in the loading or unloading of ships. A stevedore hires a longshore worker. In this case, Aurora was Addison's employer. A longshore worker injured in the course of employment is entitled to workers' compensation from his employer under the Longshore and Harbor Workers' Compensation Act

("LHWCA"), Section 901 *et seq.,* Title 33, U.S.Code. Compensation under the LHWCA is not based upon any fault of the employer.

■ In addition to receiving workers' compensation, under the LHWCA, an injured longshore worker may also bring an action against the vessel. Section 905(b), Title 33, U.S.Code. "Vessel" is defined under the LHWCA as including the vessel owner, its operator, agent and charterer. Section 902(21), Title 33, U.S.Code. The Ohio River Company is the vessel in this case. A claim by a longshore worker against a vessel is based on a kind of negligence unique to and defined by maritime law. *Howlett v. Birkdale Shipping Co., S.A.* (1994), 512 U.S. 92, 114 S.Ct. 2057, 129 L.Ed.2d 78; *Scindia Steam Nav. Co. v. De Los Santos* (1981), 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1. It is not the same thing as common-law negligence, and we will hereafter refer to this standard as "LHWCA negligence."

■ A fleeter is an operator of a barge harbor. Consolidated Grain is a fleeter. Consolidated Grain also operated a barge cleaning and repair business. It is this role which is pertinent to this case. Consolidated Grain had a verbal agreement with the Ohio River Company to perform certain services. Specifically, Consolidated Grain agreed to clean, inspect and make minor repairs to the Ohio River Company's barges, including the one at issue in this case, before delivering the barges to Aurora, the stevedoring company, for loading.[1]

■ Under admiralty law, a warranty of workmanlike performance arises from such service and performance agreements. This is based upon principles of contract law. The breach of this warranty, unique to maritime law, can give rise to a claim by the vessel for indemnification. This implied warranty and indemnification doctrine was first discussed in *Ryan Stevedoring Co. v. Pan–Atlantic Steamship Corp.* (1956), 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133.[2] In this decision, we refer to this warranty as a *"Ryan* warranty."

■ In general, a vessel may bring a third-party action against any party other than the longshore worker's employer with whom it has such agreements. See *Oglebay Norton Co. v. CSX Corp.* (C.A.6, 1986), 788 F.2d 361. Compare *Johnson v. Global Shipping Co., Ltd.* (D.Or.1982), 1984 A.M.C. 254, 1982 WL 583 (rejecting *Ryan*-type indemnity and allocating liability on the basis of compara-

---

1. Aurora independently inspected the barges before loading them.

2. In *Ryan,* the Supreme Court explained that this indemnification action is not founded upon a tort or any duty owed to the injured individual. *Id.* at 130, 76 S.Ct at 235, 100 L.Ed. at 140. "Liability springs from an independent contractual right." *Id.* "The shipowner's action is not changed from one for a breach of contract to one for tort simply because recovery may turn upon the standard of the performance of petitioner's stevedoring service." *Id.* at 134, 76 S.Ct. at 237, 100 L.Ed. at 142.

tive negligence). These indemnity claims are not necessarily affected by or related to the negligence of a shipowner toward a longshore worker under the LHWCA. *Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co.* (1964), 376 U.S. 315, 321, 84 S.Ct. 748, 752, 11 L.Ed.2d 732, 738–739. However, a vessel is only entitled to indemnity for breach of the *Ryan* warranty absent conduct on the vessel's part sufficient to preclude recovery. *Weyerhaeuser S.S. Co. v. Nacirema Operating Co.* (1958), 355 U.S. 563, 567, 78 S.Ct. 438, 441, 2 L.Ed.2d 491, 494. This does not involve the weighing of fault in respect to the injured worker, as in comparative negligence in a tort claim. In the Sixth Circuit, whose interpretation we adopt on this issue, "conduct sufficient to preclude recovery" means conduct of the vessel which hampered or prevented the repair contractor in the performance of its contractual duty of workmanlike service. *Oglebay, supra,* 788 F.2d at 366; *Turner v. Global Seas, Inc.* (C.A.6, 1974), 505 F.2d 751, 753–754.

## ORIGINAL LAWSUIT

Jackie Addison, the guardian of the estate of Ronnie Addison, originated a maritime action on behalf of her husband, who was severely injured in September 1987 aboard a barge owned and/or operated by the Ohio River Company. The barge was afloat on the Ohio River at the stevedore's facilities in Aurora, Indiana. Initially, the Ohio River Company (or "the vessel") was the sole defendant in the Addison lawsuit. The complaint alleged a claim in negligence under the LHWCA against the Ohio River Company, asserting that the vessel breached the turnover duty of safe condition and the turnover duty to warn. The Ohio River Company then filed a third-party complaint against Consolidated Grain, as repair contractor, for indemnification based on a breach of implied warranty of workmanlike performance ("*Ryan* warranty"). Eventually, Addison added Consolidated Grain, among others not parties to this appeal, as a defendant. Addison's claim against Consolidated Grain was a tort based on general maritime negligence law.[3]

## ORIGINAL SUMMARY JUDGMENTS

In the original case, the trial court granted summary judgment to the Ohio River Company on Addison's LHWCA negligence claim and granted summary judgment to Consolidated Grain both on Addison's general maritime negligence claim and on the Ohio River Company's third-party indemnification claim. Addison appealed the grant of summary judgment in favor of the Ohio River

---

**3.** Addison's negligence claim against Consolidated Grain did not fall under the statutory framework of the LHWCA because Consolidated Grain, as a fleeter and repair facility, does not fall under the statutory definition of a "vessel."

Company on the LHWCA negligence claim, but not the judgment in favor of Consolidated Grain on the general maritime negligence claim. The Ohio River Company appealed the judgment in favor of Consolidated Grain on the third-party *Ryan* warranty indemnity claim. The appeals were consolidated.

## FIRST APPEAL

In *Addison v. Ohio River Co.* (Mar. 18, 1992), Hamilton App. Nos. C–910057 and C–910059, unreported, 1992 WL 52719, this court of appeals reversed the summary judgment in favor of the Ohio River Company on the LHWCA negligence claim and, in pertinent part, the summary judgment on the *Ryan* warranty/indemnity claim in favor of Consolidated Grain. The Ohio River Company and Consolidated Grain appealed to the Supreme Court of Ohio, raising as the sole issue the proper standard of review of a summary judgment. The Ohio Supreme Court granted the motion to certify, and the case was argued on the merits on March 17, 1993. While the case was under submission, the Ohio River Company and Addison entered into a settlement agreement under which the Ohio River Company paid Addison $1,000,000. The Ohio River Company had tendered to Consolidated Grain the right to participate in the settlement by payment of the full amount, but the tender was refused. The Addisons then dismissed with prejudice their action against the Ohio River Company. On July 28, 1993, the Ohio Supreme Court dismissed the appeal as having been improvidently allowed. 67 Ohio St.3d 1201, 615 N.E.2d 624. The case, including the Ohio River Company's third-party complaint against Consolidated Grain for indemnification, was remanded to the trial court.

## REMAND

On January 18, 1995, Consolidated Grain filed a motion for summary judgment on the ground that the unappealed judgment in Consolidated Grain's favor against Addison on the general maritime negligence claim barred the Ohio River Company from seeking indemnification from Consolidated Grain. This motion was overruled by the trial court on April 3, 1995. The case was then transferred to a visiting judge upon retirement of the original judge. The parties filed written stipulations with the court. On the day of trial, Consolidated Grain orally moved the trial court to reconsider the prior ruling overruling its motion for summary judgment on the indemnification claim, arguing that the issue was *res judicata*. The new judge on the case granted Consolidated Grain's motion for summary judgment. The Ohio River Company appeals from this judgment.

## PRESENT APPEAL

In its first assignment of error, the Ohio River Company argues that the visiting judge erred in reconsidering and granting a motion for summary judg-

ment after the court of appeals had previously reviewed the same issues in an earlier appeal and held that genuine issues of material fact existed. In its second assignment of error, the Ohio River Company argues that genuine issues of material fact remain as to Consolidated Grain's violation of the maritime implied warranty of workmanlike performance.

First, we hold that the trial court came very close to abusing its discretion by even entertaining Consolidated Grain's motion for summary judgment on the day of trial after this court had remanded the cause with a mandate on this issue and the original judge overruled the same motion. Cf. *Strange v. Bethesda Hosp.* (Dec. 4, 1996), Hamilton App. No. C–941005, unreported, 1996 WL 691453. That being said, our review of the law and the record indicates that *res judicata* does not operate to preclude the *Ryan* warranty/indemnification claim. As we stated in the original appeal, genuine issues of material fact remain as to whether Consolidated Grain breached its implied warranty to the Ohio River Company such that Consolidated Grain must indemnify the Ohio River Company for its LHWCA settlement with Addison.[4]

Maritime law governs the third-party complaint,[5] and under maritime law, the Ohio River Company retains a viable indemnification claim that is not based upon any breach of a duty that Consolidated Grain owed to Addison. The Ohio River Company's indemnification claim may very well be centered upon the same conduct relevant to the negligence inquiry, but it depends upon different principles. *Weyerhaeuser, supra.* This claim is based upon a breach of an implied warranty and promise to indemnify which is unique to maritime law. Indemnification will lie where there is a contract (written or oral) whereby the contractor (here, Consolidated Grain) agrees to perform services and does so incompetently and in a manner which would foreseeably expose the shipowner to liability. *Id.*, 355 U.S. at 565, 78 S.Ct. at 440, 2 L.Ed.2d at 493. This is what remains to be tried in this case.

We reiterate that genuine issues of material fact exist as to whether the Ohio River Company is entitled to indemnification based upon the *Ryan* warran-

---

4. We stated that "the record contains evidence which creates questions of material fact regarding whether CGB [fleeter] breached its contractual duties of inspecting the barge, performing any necessary minor repairs, and/or apprising ORC [vessel] of the need for any major repairs." The breach of these contractual duties is relevant to the question of whether Consolidated Grain performed its service in a workmanlike manner.

5. "In order to be considered maritime, there must be a direct and substantial link between the contract and the operation of the ship, its navigation, or its management afloat, taking into account the needs of the shipping industry * * * ." 1 Friedell, Benedict on Admiralty (7 Ed.Supp.1996) 12–5—12–6, Section 182. Contracts to repair a vessel are within admiralty jurisdiction. *Little Beaver Ent. v. Humphreys Railways, Inc.* (C.A.4, 1983), 719 F.2d 75.

ty. This was decided in the first appeal, and, therefore, in granting summary judgment on remand, the trial court did not follow the law of the case. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, syllabus. The assignments of error are sustained.

We reverse the order of the trial court granting summary judgment to Consolidated Grain on the *Ryan* warranty/indemnification claim, and remand the cause to the trial court for further proceedings on this issue.

*Judgment accordingly.*

PAINTER and SUNDERMANN, JJ., concur.