DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant guilty of one count of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
"First Assignment of Error
 "Defendant-Appellant's Conviction Is Against the Manifest Weight of the Evidence.
"Second Assignment of Error
 "Defendant-Appellant's Convictions [sic] Are Not Supported by Sufficient Evidence and Are Therefore a Denial of Due Process."
The facts that are relevant to the issues raised on appeal are as follows. On July 6, 1999, appellant was indicted on one count of robbery. The charge arose from the allegation of Latoka Wise, who said that on June 4, 1999, appellant came uninvited to her apartment in Toledo and, during an argument that ensued, tore a diamond necklace from Wise's neck and took it. On November 22, 1999, the case came to trial before a jury and on November 23, 1999, the jury returned a verdict of guilty. On February 4, 2000, appellant was sentenced to two years of incarceration.
For the sake of clarity, we will address appellant's assignments of error in reverse order. In his second assignment of error, appellant asserts that the evidence presented at trial was legally insufficient to support a conviction of robbery because the state did not prove beyond a reasonable doubt that appellant used force to remove Wise's necklace or that he intended to permanently deprive her of the necklace.
R.C. 2911.02(A)(3) states:
 "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
* * *
 "(3) Use or threaten the immediate use of force against another."
Anyone violating this section is guilty of robbery, a felony of the third degree. "Theft offense" in R.C. 2911.02 has the same meaning as in R.C.2913.01, which states, in part:
"(C) "Deprive" means to do any of the following:
 "(1) Withhold property of another permanently, or for a period that appropriates a substantial portion of its value or use, or with purpose to restore it only upon payment of a reward or other consideration; * * *"
"Sufficiency" applies to a question of law as to whether the evidence is legally adequate to support a verdict as to all elements of an offense. State v. Thompkins (1997), 78 Ohio St.3d 380 . Upon review of the sufficiency of the evidence to support a criminal conviction, an appellate court must examine:
 "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
This court has thoroughly considered the entire record of proceedings in the trial court. Latoka Wise testified that appellant arrived at her apartment uninvited at approximately 5:00 a.m. Wise stated that she opened the door thinking that it was one of her neighbors. After appellant told her he wanted to talk, she asked him several times to leave. Wise testified that appellant became upset and began to push her and grab her clothes. After several minutes, appellant grabbed the necklace she was wearing and tore it from her neck. Appellant then left the apartment and Wise followed him in an effort to get her necklace back. Upon careful consideration of the law and the evidence presented at trial as summarized above, this court finds that sufficient evidence was presented from which, when viewed in a light most favorable to the prosecution, the jury could have found beyond a reasonable doubt that appellant used force against Wise to deprive her of her necklace, in violation of R.C.2911.02(A)(3). Accordingly, appellant's second assignment of error is not well-taken.
In his first assignment of error, appellant asserts that his conviction was against the manifest weight of the evidence because the state failed to establish that appellant intended to permanently deprive Wise of her necklace, and failed to demonstrate that he used force to gain possession of the necklace. Specifically, appellant argues that Wise lacked credibility because she clearly had a relationship with appellant which she attempted to conceal and only pressed charges against appellant because he "hurt her feelings." Appellant also asserted that the following statement made by the trial court at sentencing indicates that it was not convinced of appellant's guilt:
 "I sat through the trial. I listened to the same evidence you listened to and, frankly, it is the facts of this case that suggest to me that the maximum sentence is not appropriate.
"This was a robbery probably in name only."
Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. State v.Thompkins, supra, at 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. In Thompkins, the Ohio Supreme Court has defined the standard applied to determine whether a criminal conviction is against the manifest weight of the evidence:
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id. at 388, citing Tibbs v. Florida (1982), 457 U.S. 31, 42.
To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v. Martin (1983),120 Ohio App.3d 172, 175. Only if we conclude that the trier of fact clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial. Id.
Initially, we note that any comments made by the trial court at sentencing have no bearing on this court's review of the conviction on the basis of the weight of the evidence. We have thoroughly reviewed the evidence in this case and find no indication that the trier of fact lost its way in resolving conflicts in the evidence or created a manifest miscarriage of justice by finding appellant guilty of using force against Wise to deprive her of her necklace. The victim testified at length as to when and how appellant took her necklace from her.
Appellant did not testify and there were no other witnesses to the robbery. Accordingly, appellant's first assignment of error is also found not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 ____________________________ Richard W. Knepper, J.
 Melvin L. Resnick, J., James R. Sherck, J. CONCUR.