THE STATE, EX REL. POTAIN, S. A., APPELLEE, *v.* MATHEWS, JUDGE, APPELLANT.

[Cite as State, ex rel. Potain, v. Mathews (1979), 59 Ohio St. 2d 29.]

(No. 78-1082—Decided July 3, 1979.)

*Messrs. Dinsmore, Shohl, Coates & Deupree, Mr. Frank C. Woodside, III,* and *Ms. Jane M. Grote,* for appellee.

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Robert E. Taylor,* for appellant.

*Per Curiam.* Despite the factual complexity of the proceedings culminating in this appeal, the legal issues presented herein are relatively simple. The principal question before this court is whether a common pleas court is bound by the mandate of an appellate court rendered in a prior appeal in the same case.

Respondent-appellant, the judge in the Common Pleas Court, contends that he did not abuse his discretion by refusing to strike the second amended complaint in the case then before him. The short answer to this contention is that appellant had no discretion to refuse to strike that complaint, at least to the extent that the complaint realleged certain counts previously dismissed with prejudice. This is so even though the Court of Appeals may have been in error in dismissing the wrongful death and survivorship causes of action with prejudice.

The dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings. *Smoot* v. *Fox* (C. A. 6, 1964), 340 F. 2d 301, 303. It follows that the dismissal with prejudice of less than all the claims in an action is a complete adjudication of the issues presented by those specific claims.

In the action giving rise to the instant action in man-

damus, appellant filed a judgment entry which provided, in part, that:

"* * * it is ordered that the wrongful death and survivorship causes of action set forth in the Fifth and Sixth Claims of the plaintiff's Amended Complaint are hereby dismissed with prejudice and final judgment is entered thereon * * *." This judgment was subsequently affirmed by the Court of Appeals, albeit upon different grounds.

At that point in the course of the litigation, the plaintiff, Mrs. Telley, had several options available to her. She could have filed a motion for reconsideration in the Court of Appeals, seeking to have the dismissal with prejudice modified to a dismissal without prejudice; she also could have sought to have the cause certified to this court. She chose instead to file an amended complaint in the trial court, setting forth the same claims which had previously been dismissed with prejudice.

When Mrs. Telley failed to follow the procedural avenues open to her, the dismissal with prejudice became the law of the case, and the trial court was bound to follow the mandate, whether correct or incorrect, of the Court of Appeals. A lower court has no discretion, absent extraordinary circumstances, to disregard the mandate of a superior court in a prior appeal in the same case. An example of such a circumstance would be where a holding of the Court of Appeals is inconsistent with an intervening decision by this court.

The doctrine of law of the case is necessary, not only for consistency of result and the termination of litigation, but also to preserve the structure of the judiciary as set forth in the Constitution of Ohio. Article IV of the Ohio Constitution designates a system of "superior" and "inferior" courts, each possessing a distinct function. The Constitution does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals.

We hold that the Court of Appeals was correct in issuing a writ of mandamus, insofar as that writ ordered

appellant to strike those claims which had previously been dismissed with prejudice.

The indemnity counts of plaintiff's second amended complaint present a different question, however. Plaintiff Telley acquired those claims by assignment from the four settling defendants. They were neither dismissed by the trial court, nor the subject of the appeal to the Court of Appeals. Technically, the Court of Appeals erred in issuing a writ of mandamus ordering that the entire second amended complaint be stricken, for the indemnity counts were not subject to the doctrine of law of the case.

We need not decide whether the four indemnity counts state a claim once the underlying wrongful death and survivorship claims are extinguished. We hold only that the court below erred in ordering the indemnity claims stricken. Further action regarding these claims is more appropriately conducted in the trial court.

Appellant contends further that the Court of Appeals, in the mandamus action, erred in refusing to clarify, *sua sponte*, the prior mandate of that court in the appeal brought by plaintiff Telley. It is appellant's position that such a clarification was appropriate, pursuant to Civ. R. 60. Appellant's argument is without merit.

Mrs. Telley attempted to have the court hearing the mandamus action clarify the mandate rendered in a different cause, between different parties, decided by a different panel of judges. Under these circumstances, we cannot say that the Court of Appeals abused its discretion in refusing to modify the prior mandate.

For the reasons expressed herein, the judgment of the Court of Appeals is modified so as to order that only counts five and six of the second amended complaint be stricken. As modified, the judgment is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.