NOLAN, APPELLANT, *v.* NOLAN, APPELLEE.

[Cite as Nolan *v.* Nolan (1984), 11 Ohio St. 3d 1.]

(No. 83-361—Decided May 2, 1984.)

*Zashin, Rich & Sutula Co., L.P.A., Mr. Robert I. Zashin* and *Mr. Carl C. Monastra,* for appellant.

*Mr. Lawrence J. Courtney,* for appellee.

J. P. CELEBREZZE, J. The essential question presented in this case is whether the trial court impermissibly exceeded the scope of its authority upon remand.

Appellant argues that an inferior court is bound to execute the mandate of a reviewing court without variation. She claims that the trial court failed to do so in this case and that, as such, its judgment should not have been affirmed by the court of appeals.

Conversely, appellee contends that it is sufficient for the trial court to remain within the general intent of the remand. Based upon the reasoning that the reviewing court is best able to determine its own intent, appellee asserts that the decision below should be affirmed.

A consideration of these arguments requires a brief review of the doctrine of the "law of the case."

Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Gohman* v. *St. Bernard* (1924), 111 Ohio St. 726, 730, reversed on other grounds *New York Life Ins. Co.* v. *Hosbrook* (1935), 130 Ohio St. 101 [3 O.O. 138]; *Gottfried* v. *Yocum* (App. 1953), 72 Ohio Law Abs. 343, 345.

The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. *Gohman, supra,* at 730-731. However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. See *State, ex rel. Potain,* v. *Mathews* (1979), 59 Ohio St. 2d 29, 32 [13 O.O.3d 17].

In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. See, *e.g., State, ex rel. Special Prosecutors,* v. *Judges* (1978), 55 Ohio St. 2d 94 [9 O.O.3d 88]; *Charles A. Burton, Inc.* v. *Durkee* (1954), 162 Ohio St. 433 [55 O.O. 247]; *Schmelzer* v. *Farrar* (1976), 48 Ohio App. 2d 210, 212 [2 O.O.3d 178]; *Miller* v. *Miller* (1960), 114 Ohio App. 235 [19 O.O.2d 108]. Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. See, generally, *Thomas* v. *Viering* (App. 1934), 18 Ohio Law Abs. 343, 344; *Loyer* v. *Kessler* (App. 1925), 3 Ohio Law Abs. 396. For additional authorities, see *Williams* v. *Board of Trustees* (1924), 210 App. Div. 161, 205 N.Y.Supp. 742; *Littmann* v.

*Harris* (1913), 157 App. Div. 909, 142 N.Y.Supp. 341. Moreover, the trial court is without authority to extend or vary the mandate given. *Briggs* v. *Pennsylvania R.R. Co.* (1948), 334 U.S. 304, 306; *United States* v. *Pink* (S. Ct. 1942), 36 N.Y. Supp. 2d 961, 965; *Hampton* v. *Superior Court* (1952), 38 Cal. 2d 652, 655, 242 P. 2d 1; *In re Estate of Baird* (1924), 193 Cal. 225, 258, 223 P. 974; *Puritan Leasing Co.* v. *Superior Court* (1977), 76 Cal. App. 3d 140, 147, 142 Cal. Rptr. 676.

Appellee maintains that the trial court did conform itself to the appellate court's mandate. Based upon the record before us, however, we do not agree.

On initial review of the instant matter, the court of appeals was faced with a multitude of claimed errors in the original decree. The court used general language in reversing and remanding the matter to the trial court. However, it is manifestly evident from the proceeding portions of the appellate court's opinion that the sole basis for remand was the issue of occupancy of the marital home. The decree was affirmed in all other respects, including the property settlement.

The subject of the remand was not even addressed by the trial court. Instead, the court chose to rework financial aspects of the marital home disposition. One change was the provision that appellant and appellee share the presale expenses of the home on a sixty-forty basis rather than a fifty-fifty basis. The second change required that the marital debts be deducted from the gross proceeds of the sale in the same prorata, rather than on an equal, basis. Both changes adversely affected appellant.

It may be argued that the court of appeals ratified the aforesaid changes by affirming the trial court's order. We, however, do not find merit in such an argument.

As we have already noted, the law of the case is applicable to subsequent proceedings in the reviewing court as well as the trial court. Thus, the decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court. See, *e.g., Politi* v. *Irvmar Realty Corp.* (1961), 13 App. Div. 2d 469, 212 N.Y.Supp. 2d 444; *Nestor* v. *Pabst Brewing Co.* (1921), 195 App. Div. 434, 436, 186 N.Y.Supp. 828; *Carpenter* v. *New York Evening Journal Pub. Co.* (1906), 111 App. Div. 266, 271, 97 N.Y.Supp. 478; *United Dredging Co.* v. *Indus. Acc. Comm.* (1930), 208 Cal. 705, 712, 284 P. 922; *Tally* v. *Ganahl* (1907), 151 Cal. 418, 421, 90 P. 1049; *People* v. *Shuey* (1975), 13 Cal. 3d 835, 120 Cal. Rptr. 83, 533 P. 2d 211.

In this case, the court of appeals excused the trial court's failure to provide for the occupancy of the home by just one of the parties because appellee had already left the home and agreed to allow appellant exclusive occupancy. The court further held:

"We have compared the original order with the order entered upon remand and conclude that *they differ significantly* in only one respect: Bridget Nolan is required to pay slightly more for mortgage payments, taxes and insurance while she enjoys exclusive occupancy of the residence. *We find that this provision does not exceed the scope of our remand 'with respect to the disposition of the marital residence.'* * * *" (Emphasis added.)

For several reasons, we must reject these findings. First, appellant should have been granted a court order assuring her of exclusive occupancy of the marital home. Second, the original monetary aspects of the marital home settlement were not expressly or impliedly included in the court of appeals' mandate to the trial court and, as such, were improperly disturbed. Finally, to permit the trial court to so markedly deviate from the basis of the remand would defeat the aforementioned purposes of the doctrine of the law of the case, particularly, that of consistency of result.

We have previously stated, in *State, ex rel. Potain,* v. *Mathews, supra,* at 32, and, in accordance with the foregoing, now so hold, that absent extraordinary circumstances, such as an intervening decision by this court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. The court below erred in holding otherwise.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER and C. BROWN, JJ., concur.

W. BROWN and HOLMES, JJ., dissent.

HOLMES, J., dissenting. While I have no quarrel with the syllabus as set forth in the majority opinion, I dissent due to the fact that the syllabus is not relevant to the case at bar. We are not confronted with an inferior court disregarding the mandate of a superior court as the court of appeals found that the trial court did not deviate from the remand order. Instead, the majority substitutes its judgment for that of the court of appeals. I believe the appellate court is in the best position to determine whether the trial court complied with the instructions on remand.

In the first appeal, the court of appeals ordered the trial court to conduct further proceedings "with respect to the disposition of the marital residence." The divorce decree was revised on remand with regard to the ownership of the marital residence and apportionment of expenses and future sale proceeds from the residence. The only issue presented in the subsequent appeal was whether such revision deviated from the scope of the remand. It would seem obvious that the court of appeals, having issued the order, is in the best position to ascertain the meaning of such order and this court should not address the issue unless there is a clear abuse of discretion on the part of the appellate court.

Accordingly, I would affirm the judgment of the court of appeals.

W. BROWN, J., concurs in the foregoing dissenting opinion.