THE STATE, EX REL. DENNIS, APPELLANT, *v.* BOARD OF EDUCATION OF THE HILLSDALE LOCAL SCHOOL DISTRICT ET AL., APPELLEES.

[Cite as State, ex rel. Dennis, *v.* Hillsdale Local Bd. of Edn. (1988), 39 Ohio St. 3d 158.]

(No. 87-1059—Submitted July 27, 1988—Decided October 26, 1988.)

*Martin & Eichenberger Co., L.P.A.*, and *Stephen D. Martin,* for appellant.

*Robert P. DeSanto,* for appellees.

LOCHER, J. The issue presented in this action is whether the court of appeals followed this court's mandate and issued a writ of mandamus consistent with the plurality opinion rendered in *State, ex rel. Dennis,* v. *Hillsdale Local Bd. of Edn., supra.* We hold that the writ is consistent with that decision and affirm the issuance of such writ by the court of appeals.

"* * * A lower court has no discretion, absent extraordinary circumstances, to disregard the mandate of a superior court in a prior appeal in the same case." *State, ex rel. Potain,* v. *Mathews* (1979), 59 Ohio St. 2d 29, 32, 13 O.O. 3d 17, 18, 391 N.E. 2d 343, 345. For this reason and because of the language contained in this court's mandate, the court of appeals was bound to follow the plurality opinion rendered in *State, ex rel. Dennis, supra.*

In *State, ex rel. Dennis, supra,* the plurality considered R.C. 3319.10 and the relevant notice provisions of R.C. 3319.11[2] and concluded that "R.C. 3319.11 requires that notice of non-renewal be given where a teacher is a long-term substitute. Failure to provide such notice will result in the automatic re-employment of the teacher involved." *Id.* at 266, 28 OBR at 343, 503 N.E. 2d at 750.

The plurality opinion did not provide that the court of appeals should issue the writ originally sought by appellant. Appellant sought to compel appellees to grant him a limited contract as a regular teacher. The plurality determined that appellant was employed as a long-term substitute teacher and that he was not entitled to a contract as a regular teacher pursuant to R.C. 3319.10 because "entitlement to re-

---

[2] R.C. 3319.10 provides:

"Teachers may be employed as substitute teachers for terms not to exceed one year for assignment as services are needed to take the place of regular teachers absent on account of illness or on leaves of absence or to fill temporarily positions created by emergencies; such assignment to be subject to termination when such services no longer are needed.

"A teacher employed as a substitute with an assignment to one specific teaching position shall after sixty days of service be granted sick leave, visiting days, and other local privileges granted to regular teachers including a salary not less than the minimum salary on the current adopted salary schedule.

"A teacher employed as a substitute for one hundred twenty days or more during a school year and re-employed for or assigned to a specific teaching position for the succeeding year shall receive a contract as a regular teacher if he meets the local educational requirements for the employment of regular teachers.

"Teachers employed as substitutes on a casual or day-to-day basis shall not be entitled to the notice of nonre-employment prescribed in section 3319.11 of the Revised Code, but boards of education may grant such teachers sick leave and other local privileges and cumulate such service in determining seniority."

R.C. 3319.11 provides in pertinent part:

"Any teacher employed under a limited contract, and not eligible to be considered for a continuing contract, is, at the expiration of such limited contract, deemed re-employed under the provisions of this section at the same salary plus any increment provided by the salary schedule unless the employing board, acting on the superintendent's recommendation as to whether or not the teacher should be re-employed, gives such teacher written notice of its intention not to re-employ him on or before the thirtieth day of April. Such teacher is presumed to have accepted such employment unless he notifies the board in writing to the contrary on or before the first day of June, and a written contract for the succeeding school year shall be executed accordingly. The failure of the parties to execute a written contract shall not void the automatic re-employment of such teacher.

"The failure of a superintendent of schools to make a recommendation to the board of education under any of the conditions set forth in this section, or the failure of the board of education to give such teacher a written notice pursuant to this section shall not prejudice or prevent a teacher from being deemed re-employed under either a limited or continuing contract as the case may be under the provisions of this section."

employment pursuant to R.C. 3319.11 does not confer upon the teacher an increase in status but merely provides for retention of his current position." *Id.* at 267, 28 OBR at 343-344, 503 N.E. 2d at 751.

The plurality also stated that its interpretation of R.C. 3319.10 *"does not in any manner adversely affect the ability of school boards to terminate the employment of substitute teachers when it is determined that their services are no longer necessary.* * * * [I]t merely requires that individuals employed as substitute teachers pursuant to a limited contract be given notice of their impending termination. *The flexibility of school boards to hire substitute teachers as needed remains unimpaired."* (Emphasis added.) *Id.* at 266, 28 OBR at 343, 503 N.E. 2d at 750-751.

This ruling obviously indicates that there was no intention to overlook the mandate of the General Assembly contained in the first paragraph of R.C. 3319.10 that:

"Teachers may be employed as substitute teachers for terms not to exceed one year for assignment *as services are needed* to take the place of regular teachers absent on account of illness or on leaves of absence or to fill temporarily positions created by emergencies; *such assignment to be subject to termination when such services no longer are needed."* (Emphasis added.)

*State, ex rel. Dennis, supra,* determined that appellant was a long-term *substitute teacher* entitled to notice pursuant to R.C. 3319.11 and that failure to provide such notice results in his automatic re-employment.

The writ issued by the court of appeals in the instant case ordered the school board to issue a substitute teaching contract and a supplemental limited contract for coaching junior high track to appellant for the 1985-1986 school year. The language contained in the writ ordering that appellant be employed under the substitute teaching contract as his services were needed clearly follows the language used in *State, ex rel. Dennis, supra,* and in the first paragraph of R.C. 3319.10. Appellant became entitled to a contract as a *substitute teacher* under *State, ex rel. Dennis, supra,* but was not entitled to a contract as a regular teacher. It is a basic premise that substitute teachers are employed as their services are needed. It would be illogical to compel a school board to employ a substitute teacher whose services are not needed.

Based on the foregoing, we hold that the court of appeals followed this court's mandate and issued a writ of mandamus that was totally consistent with the plurality opinion rendered in *State, ex rel. Dennis, supra.*

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., dissents.

DOUGLAS, J., dissenting. The writ we issued previously was specific and clear. That writ has not been complied with and, accordingly, this case should be reversed and the previous writ enforced.