OPINION
On January 17, 1998, after a reported theft, a Portage County Sheriff's deputy stopped appellant, James C. Eskridge, who was driving a truck nearly identical to the truck reported to be involved in the theft and which had a similar license plate number. When the officer approached the vehicle, he smelled alcohol and saw an open twelve-pack of beer on the passenger's seat. The officer administered field sobriety tests to appellant and arrested him when he performed badly on the tests.
Appellant was not involved with the theft; however, he was charged with driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1); driving with a prohibited breath alcohol level, in violation of R.C.4511.19(A)(3); operating a motor vehicle without a driver's license, in violation of R.C. 4507.02; and driving with an open container, in violation of R.C. 4301.62.
Appellant filed a "Motion for Probable Cause," requesting that the trial court suppress any test results and dismiss the charges against him, arguing that the arresting officer lacked probable cause to detain him after he discovered that appellant's license plate number was slightly different from the number given in the report.
On November 25, 1998, the trial court granted appellant's motion to suppress, which the state of Ohio appealed to this court. In State v.Eskridge (Mar. 31, 2000), Portage App. No. 98-P-0130, unreported, 2000 Ohio App. LEXIS 1439, this court reversed the judgment of the trial court and remanded the case, holding that, accepting the trial court's findings of fact as true, the officer had reasonable suspicion to continue his investigation even after he discovered that the license plate numbers were slightly different. Id. at *11-12. No appeal was submitted to the Supreme Court of Ohio.
Approximately six months after this court remanded the case, appellant filed an appeal of the trial court's decision on the motion to suppress. One month later, appellant voluntarily dismissed his appeal and entered a plea of no contest to the charge of driving under the influence of alcohol.
On January 29, 2001, appellant filed an appeal, raising the following assignments of error:
 "[1.] The court of appeals erred in reversing and remanding the case back to the trial court for further proceedings, on the state's appeal of the trial court's decision granting defendant appellant's motion to suppress pursuant to Criminal Rule 12(J).
 "[2.] A reviewing court errs, to the prejudice of appellant, in its proper role on appeal if it not only determines if the trial court's judgment was contrary to law, and not supported by competent, credible facts and evidence; but, also assumes the proper role of the trier of fact in the trial court, and does not accept the trial court's facts and evidence as true."
 As this court decided both of these issues on the previous appeal, both of appellant's assignments of error are made moot by the doctrines of law of the case and res judicata.
The doctrine of law of the case "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. Thus, the decision of a reviewing court on an earlier appeal ordinarily will be followed in a later appeal of the same case. Id. at 4.
In the case sub judice, this court found that, after the officer discovered that appellant's license plate was slightly different from the one reported, the officer still had a reasonable suspicion to continue his investigation. Eskridge, supra, at 11. This previous decision establishes, as the law of the case, that the officer did have a reasonable suspicion, and we will follow our previous ruling.
The doctrine of res judicata has two components, issue preclusion and claim preclusion. This case involves issue preclusion, which prevents parties from relitigating facts and issues that were fully litigated in a prior suit. "[Issue preclusion] applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." Thompson v. Wing (1994),70 Ohio St.3d 176, 183.
In the case sub judice, the issue of whether the field sobriety and blood alcohol tests should have been suppressed because the officer lacked reasonable suspicion to further detain appellant after the initial stop was fully litigated before this court. This court passed upon the issue, and held that the officer had a reasonable suspicion and that the tests should not have been suppressed. This is not only a case between the same parties, this is the very same case which we remanded and in which appellant seeks to have this court review its own decision. While this may have been proper in a motion for reconsideration, pursuant to App.R. 26(A), it is not an appropriate issue for a second direct appeal on the same case. Appellant is precluded from relitigating the issue of whether the tests should have been suppressed.
Appellant's assignments of error are barred by the doctrines of law of the case and res judicata. Appellant's first and second assignments of error are without merit. The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
O'NEILL, P.J., GRENDELL, J., concur.