ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant John T. Bragg appeals, pro se, from a judgment of the Cuyahoga County Common Pleas Court denying his motion for a nunc pro tunc order. On review, we affirm the decision of the trial court.
 {¶ 3} After a jury trial, defendant was convicted of aggravated murder (with felony murder and prior calculation and design specifications), kidnapping and aggravated robbery. Defendant received a life sentence.
 {¶ 4} Defendant's conviction and sentence were affirmed by this Court in State v. Bragg (July 15, 1991), Cuyahoga App. No. 58859. Defendant's motion for relief from judgment pursuant to Civ.R. 60(B) was dismissed without hearing by the trial court. This Court affirmed that judgment in State v. Bragg (Sept. 5, 1996), Cuyahoga App. No. 70461.
 {¶ 5} On September 19, 2001, defendant filed an application for a nunc pro tunc order claiming that the trial court lacked subject matter jurisdiction over the matter because the indictment failed to specify the place of the offense. The trial court dismissed the motion without hearing.
 {¶ 6} Defendant timely filed his appeal, assigning the following error:
 {¶ 7} I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THIS APPELLANT IN A CLEAR ABUSE OF DISCRETION.
 {¶ 8} In his sole assignment of error, defendant contends that the trial court erred when it denied his application for a nunc pro tunc order because the indictment lacked a specific time and place. This identical argument was made to and rejected by this Court in State v.Bragg (Sept. 5, 1996), Cuyahoga App. No. 70461. Accordingly, we find that the law of the case[1] dictates that defendant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and TERRENCE O'DONNELL, J., CONCUR.
[1] The doctrine of "law of the case" provides "that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1,3.