{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that denied appellant's motion to quash a subpoena duces tecum issued by the state. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "I. The refusal to quash the subpoenas issued to appellant's counsel of record violates the right to counsel guaranteed to appellant under Article I, Section 10 of the Ohio Constitution and the Sixth andFourteenth Amendments to the United States Constitution.
 {¶ 4} "II. It constituted error not to hold a hearing on the relevancy question raised in the motion to quash.
 {¶ 5} "III. The information subpoenaed from appellant's counsel of record is protected from disclosure by the attorney-client privilege."
 {¶ 6} The facts that are relevant to the issues raised on appeal are as follows. In April 1999, appellant hired Attorney John F. Potts to represent him in a civil forfeiture action. The state alleged that appellant had used a straw man, James Toth, to purchase two vehicles with drug money. In December 1999, a grand jury indicted appellant and Toth on six counts of money laundering. Also in December 1999, the state amended its civil forfeiture action to a claim for criminal forfeiture and then consolidated the money laundering and forfeiture cases.
 {¶ 7} In January 2000, the state served notice on appellant that it intended to employ an "expenditure analysis" to prove, by inference, that appellant had substantial income from presumably illegal sources. An expenditure analysis involves documenting an individual's expenditures and then comparing them to that person's reported legitimate income. The state sought to show that, while appellant reported having little or no household income for years, he nevertheless spent tens of thousands of dollars.
 {¶ 8} As part of the process of documenting appellant's expenditures, the state served a subpoena duces tecum on Attorney Potts, demanding that he appear at the prosecutor's office on a specified date and produce a variety of documents, including his fee agreement with appellant and records of payments received from appellant between January 1, 1999 and December 1, 1999. The state withdrew that subpoena and issued another, demanding the same material but specifying that it be produced at a May 8, 2000 appearance before the trial court. Attorney Potts and appellant each filed motions to quash the subpoena, on May 1 and May 2, 2000, respectively.
 {¶ 9} On July 19, 2000, while the motions to quash were under consideration, the state filed an amended subpoena, changing the date for production of the documents to the date trial was set to begin. The amended subpoena also expanded the scope of the material to be produced to include not only the forfeiture billing records but the billing records for the pending criminal case, and expanded the time frame covered to include the date of appellant's trial. It also sought the testimony of appellant's counsel. Appellant then filed a motion to quash the amended subpoena.
 {¶ 10} In support of his motion to quash, appellant argued that the state failed to establish a threshold showing of relevance concerning the subpoenaed material and failed to make a showing of need sufficient to warrant an in camera inspection. Moreover, appellant maintained that the documents were privileged and their submission to the state would interfere with appellant's rights to counsel as guaranteed by the Ohio and United States Constitutions.
 {¶ 11} The trial date was vacated and the matter was submitted to the court on the previously submitted briefs. On October 12, 2000, the trial court filed its decision denying the motions to quash. The trial court ordered the documents submitted to the court for in camera inspection.
 {¶ 12} On October 20, 2000, pursuant to the trial court's oral order, the state submitted a proffer asserting its position as to the relevance of materials and testimony sought by the subpoena duces tecum as amended. On October 27, 2000, appellant and Attorney Potts submitted a joint proffer and motion for evidentiary hearing prior to submission of the materials for in camera review.
 {¶ 13} On November 29, 2000, the trial court found appellant's and Potts' joint "Motion for Evidentiary Hearing and Proffer" not well-taken and denied the same. On November 30, 2000, the trial court directed Attorney Potts to submit certain records for an in camera review as follows:
 {¶ 14} "THE COURT HEREBY ORDERS that Attorney John F. Potts submit for in camera review only the fee arrangements between Mr. Lentz and Mr. Potts, and records of amount, dates and forms of payments made by Mr. Lentz to Mr. Potts relating to the legal proceedings cited in the State of Ohio's July 19th, 2000, `Amendment of Trial Subpoena Duces Tecum'.Mr. Potts must submit these documents to this Court on Monday, December4th, 2000, at 1:30 p.m. ***" [emphasis in original]
 {¶ 15} Attorney Potts refused to obey the order, and on January 4, 2001, the trial court found him in direct criminal contempt, fined him $250, and ordered ten days incarceration. The trial court stayed execution of the order, however, pending Potts' appeal to this court. While Potts' appeal of the contempt finding was pending in this court, appellant filed this appeal of the denial of the motion to quash.
 {¶ 16} In a decision released April 26, 2002, this court found that Potts had acted in good faith in an unsettled area of law and set aside his contempt, conditioned upon his compliance with the trial court's order. Additionally, and significant to our present consideration of this case, this court concluded that the material at issue in the subpoena duces tecum was not per se privileged and might be relevant to the pending criminal prosecution, and affirmed the trial court's order with respect to the in camera inspection.
 {¶ 17} In his first and third assignments of error, appellant challenges the trial court's refusal to quash the subpoenas and asserts that the information sought is protected by the attorney-client privilege. Appellant's arguments in support are essentially the same as those presented to the trial court. As to the trial court's refusal to quash the subpoenas, this issue was raised in Attorney Potts' appeal from his contempt conviction. As noted above, in our decision on that appeal, we affirmed the trial court's order denying the motions to quash and compelling Potts to submit the materials for in camera inspection. Also in that decision, we concluded that the material at issue is not per se privileged. Based on the foregoing, we find that our April 26, 2002 decision constitutes the law of the case and bars any further consideration of the denial of the motion to quash the subpoena for Potts' fee information as well as whether that information is protected by the attorney-client privilege.
 {¶ 18} The doctrine of the law of the case provides that the decision of a reviewing court in a case remains the law of that case for all subsequent proceedings at both the trial court and reviewing levels.Nolan v. Nolan, 11 Ohio St.3d at 3. The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. This rule of practice "is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." Id., citing State ex rel. Potain v. Mathews (1979), 59 Ohio St.2d 29, 32.
 {¶ 19} Based on the foregoing, this court finds that the issues raised in appellant's first and third assignments of error have been decided and that our findings constitute the law of the case as to those issues. Accordingly, appellant's first and third assignments of error are not well-taken.
 {¶ 20} In his second assignment of error, appellant asserts that the trial court erred by failing to hold a hearing on the questions of relevance raised in the motion to quash. The relevance of the fee information, however, is precisely one of the matters the trial court would determine through an in camera inspection of the documents. In support of his argument that the trial court should have held a hearing on the relevance of the material sought in the subpoena, appellant infers that an in camera inspection would be a "fishing expedition." Rather than a fishing expedition, however, the in camera inspection would be the most appropriate and efficient manner in which to examine the materials and determine their relevance. The trial court cannot make any determination as to the relevance of the evidence until it is able to inspect the materials. As the court stated in its October 12, 2000 decision, the in camera inspection will allow it "to limit the availability of evidence that should not be produced or that should be only partly produced." Moreover, the parties have briefed this and other related issues extensively since the original motion to quash was filed and a hearing prior to the in camera inspection simply is not necessary nor is it required by law. We therefore find that the trial court did not abuse its discretion by not holding a hearing on this issue and, accordingly, appellant's second assignment of error is not well-taken.
 {¶ 21} Upon consideration of the foregoing, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.