DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that granted summary judgment in favor of appellees, Progressive Insurance Company and The Cincinnati Insurance Companies. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Michael Stewart, sets forth the following assignment of error:
 {¶ 3} "The trial court erred in granting summary judgment to Progressive Insurance Company and Cincinnati Insurance Company."
 {¶ 4} This case is before this court on appeal for the second time. Appellant originally appealed the trial court's July 8, 1998 decision finding that an action by an insured against his insurance carrier for payment of underinsured motorist benefits was a cause of action sounding in contract, and granting summary judgment in favor of appellees. On June 11, 1999, we reversed and remanded, finding that an action by an insured for payment of underinsured motorist benefits is a cause of action sounding in tort. Progressive Ins. Co. v. Stewart
(1999), 140 Ohio App.3d 543. Progressive appealed and the Supreme Court of Ohio accepted jurisdiction. Progressive Ins. Co. v. Stewart (2001),87 Ohio St.3d 1420. On May 23, 2001, however, the Supreme Court dismissed the appeal as improvidently allowed. Progressive Ins. Co. v. Stewart
(2001), 91 Ohio St.3d 1266. On May 30, 2001, the Supreme Court ruled in an unrelated case that an action by an insured against his insurance carrier for payment of underinsured motorist benefits sounds in contract, rather than tort, even though it is tortious conduct that triggers applicable contractual provisions. Ohayon v. Safeco Ins. Co. ofIllinois (2001), 91 Ohio St.3d 474, paragraph 1 of the syllabus. Following the Ohayon decision, The Cincinnati Insurance Companies filed a motion for reconsideration of the May 23 dismissal, which the Supreme Court denied on July 25, 2001. By judgment entry filed June 12, 2002, the trial court on remand again granted summary judgment in favor of appellees, and this appeal followed.
 {¶ 5} Appellant now asserts that, pursuant to the "law of the case" doctrine, the trial court was bound on remand by the June 11, 1999 decision of this court in the first appeal. Appellees respond that the Ohio Supreme Court's decision in Ohayon, supra, is an extraordinary circumstance that allowed the trial court on remand to disregard the mandate of this court.
 {¶ 6} The doctrine of the "law of the case" provides that the decision of a reviewing court remains the law of that case for all subsequent proceedings at both the trial court and reviewing levels.Nolan v. Nolan (1984), 11 Ohio St.3d 1. This doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. Gohman v. St. Bernard
(1924), 111 Ohio St. 726, 730-731. This rule of practice "is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." Nolan, supra, citing State ex rel. Potain v. Mathews (1979), 59 Ohio St.2d 29, 32. InMathews, supra at 32, the Supreme Court of Ohio ruled that a trial court must "follow the mandate, whether correct or incorrect, of the Court of Appeals." However, under extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court, a trial court may choose to disregard the mandate of an appellate court. Nolan, supra, at syllabus. In such a circumstance, the intervening Ohio Supreme Court decision must state a rule of law that is in conflict with the reviewing court's mandate. State ex rel. Crandall, Pheils Wisniewski v.DeCessna (1995), 73 Ohio St.3d 180, 183; Columbus Bd. of Edn. v. FranklinCty. Bd. of Revision (1994), 70 Ohio St.3d 344, 345.
 {¶ 7} This court has thoroughly reviewed the proceedings in this case and the law as set forth above. In June 1999, we reversed the judgment of the trial court and remanded this case after having found that an action by an insured against his insurance carrier for payment of underinsured motorist benefits was a cause of action sounding in tort. Thereafter, appellees' appeal to the Ohio Supreme Court was first accepted and later dismissed. While this case was in the trial court on remand, the Ohio Supreme Court released its Ohayon decision which, as summarized above, clearly stated a rule of law in conflict with this court's decision. As such, Ohayon was an "intervening decision" that created an "extraordinary circumstance" justifying the trial court's decision disregarding our earlier judgment. Our review of this matter is limited to a consideration of whether the trial court's decision not to follow the law of the case was an abuse of discretion. See Nolan, supra, at 5. Accordingly, based on the foregoing facts and the applicable law, we find that the trial court did not abuse its discretion by failing to follow the earlier mandate of this court in this case. Appellant's sole assignment of error is not well-taken.
 {¶ 8} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
Judgment affirmed.
Mark L. Pietrykowski, J. and George M. Glasser, J. concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.