OPINION
{¶ 1} Plaintiff-appellant, Carr Supply, Inc. ("Carr Supply"), appeals from a judgment of the Franklin County Court of Common Pleas finding in favor of defendant-appellee, Rockford Homes, Inc. ("Rockford Homes"). Because we find no reversible error, we affirm.
 {¶ 2} In December 1998, Carr Supply obtained a judgment against Carl Hatfield, who had worked as a heating and air conditioning subcontractor for Rockford Homes. As part of its collection efforts, in December 1998, Carr Supply served Rockford Homes with an order and notice of garnishment of property other than personal earnings.
 {¶ 3} On February 25, 1999, pursuant to R.C. 2716.21(F), Carr Supply filed a complaint against Rockford Homes, claiming Rockford Homes was responsible to Carr Supply because Rockford Homes inadequately responded to the order and notice of garnishment. In response, Rockford Homes informed the trial court Hatfield had filed a Chapter 7 bankruptcy proceeding; Rockford Homes also suggested a stay of proceedings. Subsequently, on April 1, 1999, the trial court placed the case on inactive status. Later, construing a memorandum by Carr Supply as a motion to vacate the stay, the trial court denied Carr Supply's motion.
 {¶ 4} On October 18, 1999, Carr Supply appealed the trial court's determination. Rockford Homes later moved to dismiss the appeal for lack of a final appealable order; however, this court denied Rockford Homes' motion to dismiss. Subsequently, after the parties filed a voluntary stipulation of dismissal, this court dismissed Carr Supply's appeal.
 {¶ 5} Following Carr Supply's motion in which Carr Supply argued the matter could proceed in the trial court, the trial court reactivated the case on January 3, 2001. On May 30, 2001, Carr Supply moved for partial summary judgment concerning Rockford Homes' liability under R.C.2716.21(F). The following day, Rockford Homes moved for summary judgment.
 {¶ 6} On July 11, 2001, the trial court denied Carr Supply's partial summary judgment motion and granted summary judgment in favor of Rockford Homes. Carr Supply appealed, claiming the trial court erred in finding there were no genuine issues of material fact. In Carr Supply, Inc. v. Rockford Homes, Inc. (Apr. 23, 2002), Franklin App. No. 01AP-913 ("Carr Supply I"), this court reversed the trial court, remanded the matter, and instructed the trial court to conduct a hearing to determine whether Rockford Homes acted or failed to act in good faith when it responded to Carr Supply's notice of garnishment.
 {¶ 7} Following remand, the trial court held a hearing and rendered judgment in favor of Rockford Homes. From the trial court's August 1, 2002 judgment, Carr Supply timely appeals and assigns the following errors:
ASSIGNMENT OF ERROR NO. 1
The Common Pleas Court erred when it applied an amendment to R.C. § 2716.21(F), which was not in effect at the time the Plaintiff's claim arose.
ASSIGNMENT OF ERROR NO. 2
The Common Pleas Court erred in concluding that the Defendant could not be held liable under R.C. §2716.21 because the Defendant acted in good faith[.] That conclusion was against the manifest weight of the evidence.
 {¶ 8} Carr Supply's first assignment of error asserts the trial court erred by applying a version of R.C. 2716.21(F) that was not in effect at the time Carr Supply's claim arose.
 {¶ 9} Although Carr Supply does not specify when its claim arose, the record suggests Carr Supply's claim arose on or around May 1, 1998. See uncertified copy of judgment entry filed December 15, 1998, at 2, an attachment to plaintiff's complaint (finding Hatfield defaulted on note and Carr Supply was entitled to $30,964.46 plus ten percent interest per annum from May 1, 1998). At the time Carr Supply's claim arose, former R.C. 2716.21(F) provided:
If a garnishee fails to answer as required by this section, answers and the garnishee's disclosure is not satisfactory to the judgment creditor, or fails to comply with the order of the court to pay the money owed or deliver the property into court or to give the bond authorized under division (B) of this section, the judgment creditor may proceed against the garnishee by civil action. Thereupon, such proceedings may be had as in other civil actions. Judgment may be rendered in favor of the judgment creditor for the amount of money owed the judgment debtor in the garnishee's possession at the time the garnishee was served with the written notice and order required in section 2716.05 or 2716.13 of the Revised Code, and for the costs of the proceedings against the garnishee. The judgment creditor shall pay the costs of such an action unless it appears on the trial that the garnishee's disclosure was incomplete. An action authorized under this division shall be brought in the county in which the garnishee resides.
 {¶ 10} After Carr Supply's claim arose and Carr Supply obtained judgment against Hatfield, Sub.H.B. No. 294 amended R.C. 2716.21 by adding division (F)(2) effective August 29, 2000, which provided a "good faith exemption" from liability for a garnishee who acts or attempts to act in accordance with R.C. Chapter 2716 or for any omission made in "good faith" by a garnishee.[1]
 {¶ 11} Consequently, in Carr Supply I, when this court relied on R.C. 2716.21(F)(2) in reversing and remanding the matter to the trial court for a hearing to determine whether Rockford Homes failed to act in good faith when it responded to Carr Supply's notice of garnishment, this court apparently erred because it applied a statutory amendment that was not in effect at the time Carr Supply's claim arose.[2] See R.C. 1.48
("[a] statute is presumed to be prospective in its operation unless expressly made retrospective"); State v. LaSalle, 96 Ohio St.3d 178,2002-Ohio-4009, paragraph one of the syllabus ("[a]bsent a clear pronouncement by the General Assembly that a statute is to be applied retrospectively, a statute may be applied prospectively only").
 {¶ 12} Following this court's decision in Carr Supply I, no party moved for reconsideration or attempted an appeal to the Ohio Supreme Court. See, generally, App.R. 26(A) (application for reconsideration); S.Ct.Prac.R. II (institution of appeals). However, on remand, Carr Supply's counsel did bring this court's apparent error to the trial court's attention during closing arguments. (Tr. 53-55.)
 {¶ 13} Under the "law of the case" doctrine, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. See, also, Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co, Inc. (1998), 81 Ohio St.3d 214, 218, reconsideration denied, 81 Ohio St.3d 1517, quoting Nolan at 3 (noting the Ohio Supreme Court has historically recognized the "law of the case" doctrine).
 {¶ 14} "The doctrine of law of the case is necessary, not only for consistency of result and the termination of litigation, but also to preserve the structure of the judiciary as set forth in the Constitution of Ohio. Article IV of the Ohio Constitution designates a system of `superior' and `inferior' courts, each possessing a distinct function. The Constitution does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals." State ex rel. Potain v. Mathews (1979), 59 Ohio St.2d 29, 32. However, the "law of the case" doctrine "is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results." Nolan at 3, citing Gohman v. St. Bernard (1924),111 Ohio St. 726, 730-731, overruled in part on other grounds, New York Life Ins. Co. v. Hosbrook (1935), 130 Ohio St. 101, paragraph two of the syllabus.
 {¶ 15} Nevertheless, "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." Nolan at 1, syllabus, following and approving Potain, supra. As explained in State ex rel. Sharif v. McDonnell (2001),91 Ohio St.3d 46, 48:
In State ex rel. Potain v. Mathews, the decision that Nolan approved and followed, decided five years earlier, the court ruled that a trial court must "follow the mandate, whether correct or incorrect, of the Court of Appeals. A lower court has no discretion, absent extraordinary circumstances, to disregard the mandate of a superior court in a prior appeal in the same case." (Emphasis added.)59 Ohio St.2d at 32, 13 O.O.3d at 18, 391 N.E.2d at 345.
 {¶ 16} Consequently, because the trial court was required to follow this court's mandate, whether correct or incorrect, Sharif at 48, and the trial court precisely followed this court's remand order as instructed in Carr Supply I, we cannot conclude the trial court erred when it found "the Court of Appeals has told me what I'm supposed to do today on this case, and they've referred to a statute that requires this. And they've told me to make a determination as to whether or not the Defendant failed to act in good faith when it responded to the notice of garnishment. That's the only issue before me today." (Tr. 55.) See, also, Russell v. Univ. of Cincinnati Hosp., Franklin App. No. 01AP-1378, 2002-Ohio-5007, ¶¶ 13-22, appeal not allowed (2003),98 Ohio St.3d 1461, 2003-Ohio-644 (discussion and application of "law of the case" doctrine).
 {¶ 17} Nonetheless, Carr Supply also contends the "law of the case" doctrine is a rule of practice rather than a binding rule of substantive law and to apply this doctrine under the facts and circumstances of this case will achieve an injustice.
 {¶ 18} We agree the "law of the case" doctrine is a rule of practice rather than a binding rule of substantive law. Nolan at 3. See, also, State v. Wallace (1997), 121 Ohio App.3d 494, 499, dismissed, appeal not allowed, 80 Ohio St.3d 1433, citing Annotation (1963), 87 A.L.R.2d 271, 282, citing Green v. Acacia Mut. Life Ins. Co. (1954),98 Ohio App. 101 ("[w]ith respect to appellate courts on successive appeals, the ["law of the case"] doctrine is `not a limitation on the courts' power,' but merely a rule of practice").
 {¶ 19} Furthermore, "an appellate court may choose to reexamine the law of the case it has itself previously created, if that is the only means to avoid injustice. However, such reexaminations must not be undertaken lightly by an appellate court, nor encouraged as a common course of conduct for unsuccessful litigants." Weaver v. Motorists Mut. Ins. Co. (1990), 68 Ohio App.3d 547, 549. See, also, Pavlides v. Niles Gun Show, Inc. (1996), 112 Ohio App.3d 609, 615, appeal not allowed,77 Ohio St.3d 1473, reconsideration denied (1997), 77 Ohio St.3d 1549, and reconsideration stricken (1997), 78 Ohio St.3d 1443 (citing Weaver, supra, at 549); State v. Patterson (Mar. 29, 1996), Trumbull App. No. 95-T-5207, dismissed, appeal not allowed, 77 Ohio St.3d 1468 ("[i]n stating the foregoing exception to the `law of the case' doctrine, the Supreme Court of Ohio has made reference to only one example of an extraordinary circumstance: an intervening decision of the Supreme Court of Ohio itself. * * * Moreover, in attempting to apply the exception, the various appellate districts have held that the exception should only be applied under the rarest of circumstances, and that it should not be invoked as a way in which an unsuccessful litigant can have its case redetermined").
 {¶ 20} Nevertheless, we do not agree with Carr Supply's contention that application of the "law of the case" doctrine under the circumstances of this case achieves an injustice. Here, Carr Supply failed to move for reconsideration after this court's decision in Carr Supply I. Because Carr Supply failed to prosecute error to this court after its decision in Carr Supply I, which would have afforded this court an opportunity to review its application of R.C. 2716.21(F)(2) and its apparent error, we are not persuaded by Carr Supply's claims of injustice. See Russell at ¶ 20 (observing plaintiffs failed to object or challenge this court's order and finding no "extraordinary circumstances" existed to deviate from this court's previous order); State v. Butler (June 20, 2001), Wayne App. No. 00CA0091 (following "law of the case" doctrine and observing "[i]f [appellant] believed that our prior decision to remand for a second hearing was contrary to law, his proper remedy was by way of a motion for reconsideration. Having failed to avail himself of that recourse, he cannot now be heard to complain of any alleged error").
 {¶ 21} Accordingly, Carr Supply's first assignment of error is unpersuasive and overruled.
 {¶ 22} Carr Supply's second assignment of error asserts the trial court's judgment was against the manifest weight of the evidence.
 {¶ 23} In Carr Supply I, when this court remanded the case to the trial court, it instructed the trial court to conduct a hearing "to determine whether or not the defendant failed to act in good faith when it responded to the plaintiff's notice of garnishment." Id. Therefore, upon remand, only a narrow issue was before the trial court for its consideration.
 {¶ 24} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. Furthermore, "an appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe the demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co., Inc. at 80.
 {¶ 25} In this case, in its August 1, 2002 judgment entry, the trial court determined Rockford Homes acted in good faith based upon the testimony of Robert E. Yoakam, Jr., its president, whom the trial court found to be credible. Furthermore, at the conclusion of the hearing, the trial court noted:
I guess I just want to emphasize, my view is that based upon the Court of Appeals decision, what they had instructed was on a very narrow issue, and that was to determine whether or not Defendant failed to act in good faith when it responded to the notice of garnishment. And that was based upon Revised Code2716.21(F), Paragraph 2, which they had noted in their decision in this case.
Based upon the testimony of Mr. Yoakam in this matter, given all of the background information and circumstances that he was looking at, I cannot find that there is any indication that he did not act in good faith, that there was any lack of good faith in this matter.
The Court found him to be a very credible individual, and it appears to me that this is not a situation where he was writing a letter, such as he wrote, and then turning around and trying to make payments to Mr. Hatfield or his business on the side and trying to cover up that type of thing.
I think it's important, also, to note that, along with all of the circumstances that he was aware of at the time that he received the notice of garnishment, also the fact that he, along with that, had been placed on notice that there was a supplier that was preparing other liens to be filed against him. So, I do find that to be of some significance on this.
(Tr. 59-60.)
 {¶ 26} Here, based on our review of the record, we find some competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court when it found Rockford Homes acted in good faith. See, e.g., Black's Law Dictionary (7 Ed. 1999) 701 (defining "good faith" as "[a] state of mind consisting in [1] honesty in belief or purpose, [2] faithfulness to one's duty or obligation, [3] observance of reasonable commercial standards of fair dealing in a given trade or business, or [4] absence of intent to defraud or to seek unconscionable advantage"). But, see, Bitter v. Jones (Feb. 26, 1999), Ottawa App. No. OT-98-022 (finding an ordinary business creditor was not entitled to exercise the equitable right of set-off to defeat a garnishment action brought by third-party judgment creditors).
 {¶ 27} Therefore, because there is some competent and credible evidence supporting the trial court's findings and conclusions of law, we conclude the trial court's remand determination was not against the manifest weight of the evidence and overrule Carr Supply's second assignment of error.
 {¶ 28} Accordingly, having overruled both assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN and KLATT, JJ., concur.
[1] Additionally, effective March 30, 1999, after plaintiff's claim arose, Am.Sub.S.B. No. 170 amended division (F) of R.C. 2716.21; however, the changes effected by Am.Sub.S.B. No. 170 are not at issue here.
[2] In Carr Supply I, supra, this court stated:
Additionally, R.C. 2716.21(F) allows a garnishee to bring its own action, as the plaintiff has done in this case, under the following circumstances:
(1) If a garnishee fails to answer as required by this section, answers and the garnishee's answer is not satisfactory to the judgment creditor, or fails to comply with the order of the court to pay the money owed or deliver the property into court or to give the bond authorized under division (B) of this section, the judgment creditor may proceed against the garnishee by civil action. Thereupon, proceedings may be had as in other civil actions. Judgment may be rendered in favor of the judgment creditor for the amount of money owed the judgment debtor in the garnishee's possession at the time the garnishee was served with the order of garnishment under section 2716.05 or 2716.13 of the Revised Code and, if it appears on the trial that the garnishee's answer was incomplete, for the costs of the proceedings against the garnishee. An action authorized under this division shall be brought in the county in which the garnishee resides.
However, subsection (2) of R.C. 2716.21(F) provides that:
A garnishee who acts, or attempts to act, in accordance with Chapter 2716. of the Revised Code is not liable for damages in any civil action for any action taken pursuant to that chapter in good faith or any omission made in good faith.