{¶ 22} I respectfully dissent. I would overrule Ms. Neiswinter's assignments of error and affirm the judgment of the trial court.
 {¶ 23} The law of the case doctrine provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1,3. In Nolan, the Ohio Supreme Court also explained the policy justifications for the doctrine and the practical limitations on its application:
 "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. Moreover, the trial court is without authority to extend or vary the mandate given." (Internal citations omitted.) Id. at 3-4. *Page 16 
Even assuming that this court's opinion in the prior appeal is the law of the case with respect to the coverage issue arising underGalatis, I would affirm the judgment of the trial court that granted National Union's motion for relief from judgment based onGalatis.
 {¶ 24} I respectfully dissent.
 *Page 1