DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Erie County Court of Common Pleas which granted appellant, Janet Lierenz, judgment against appellees, Max Bowen, Robert Hill, and Regan Lutzko, d.b.a. Crown Motel, but which denied appellant's motion for prejudgment interest. Both parties appealed the trial court's judgment. For the reasons that follow, we reverse the decision of the trial court and dismiss appellant's cause of action.
This case has a lengthy history, spanning approximately 17 years. The facts necessary for understanding this appeal, alleged by the parties, and set forth, in part, in Lierenz v. Bowen (Jan. 14, 1994), Erie App. No. E-92-71, are as follows. In 1985, Karl Lierenz entered into a contract with appellees to do some construction work. Mr. Lierenz was never paid under the contract. In August 1986, appellees sued Mr. Lierenz. Mr. Lierenz died in November 1986. Appellees failed to substitute Mr. Lierenz's estate as defendant. As such, appellees' case was dismissed with prejudice in December 1987. Appellees never appealed the dismissal of their action.
Appellant, Mr. Lierenz's wife, became executrix of Mr. Lierenz's estate and, on April 5, 1988, brought suit against appellees for payment under the 1985 contract ("the 1988 case"). Appellees filed an answer and counterclaim on February 15, 1989. In May 1989, appellant filed a motion to dismiss appellees' counterclaim insofar as appellees' claims had been dismissed with prejudice in December 1987. In addition, appellees sought summary judgment against appellant. On February 26, 1990, the trial court granted both motions and dismissed the entire action. On March 27, 1990, appellant appealed the dismissal of her complaint ("the 1990 appeal").
During the pendency of the 1990 appeal, appellant filed a final accounting of Mr. Lierenz's estate in the Huron County Court of Common Pleas, Probate Division, and requested to be discharged from her trust upon its approval and settlement. On September 28, 1990, the probate court filed an entry approving and settling the estate and discharged appellant as executrix.
In March 1991, we reversed the trial court's dismissal of appellant's cause of action in the 1988 case and remanded the case to the trial court. Lierenz v. Bowen (Mar. 22, 1991), Erie App. No. E-90-13. Thereafter, the matter was reactivated in the trial court. On January 15, 1992, appellees filed another motion to dismiss. In this motion to dismiss, because the estate had been settled and appellant had been discharged as executrix, appellees alleged that appellant lacked authority to maintain the action against appellees, insofar as she was no longer the real party in interest. The trial court denied appellees' motion to dismiss.
On July 6, 1992, the 1988 case proceeded to trial. The jury awarded appellant $26,500. On October 8, 1992, upon appellant's request, the probate court allegedly re-opened the estate and vacated its prior order discharging appellant as executrix, retroactive to the date of her original appointment on November 24, 1986. On October 26, 1992, the trial court denied appellant's motion for prejudgment interest. The trial court eventually journalized appellant's judgment against appellees.
On December 11, 1992, appellees appealed the denial of their motion to dismiss and appellant cross-appealed the denial of her motion for prejudgment interest ("the 1992 appeal"). Appellees argued on appeal that, because appellant had been discharged as executrix, she had no right to continue to represent the estate and, therefore, the trial court erred by reinstating appellant's complaint, upon remand from this court in 1991, and by not granting appellees' motion to dismiss. Appellant responded that she was reinstated as executrix on October 8, 1992 by the probate court and, therefore, had the authority to maintain her suit against appellees. This court held that, since the final accounting of Mr. Lierenz's estate had been filed and approved, the order of settlement by the probate court had the effect of a final judgment and could only be vacated in a manner set forth in R.C. 2109.35. Once appellant was discharged as executrix, she no longer had the authority to maintain an action on behalf of the estate. As such, we held that the trial court erred in not granting appellees' motion to dismiss. Appellees' sole assignment of error was found well-taken, the judgment of the trial court was reversed, and appellant's cross-appeal regarding prejudgment interest was denied as moot. Lierenz v. Bowen (Jan. 14, 1994), Erie App. No. E-92-71.
Following the dismissal of her 1988 case by this court in the 1992 appeal, appellant appealed to both the Ohio Supreme Court and the United Supreme Court. The Ohio Supreme Court dismissed her appeal and the United States Supreme Court denied her petition for a writ of certiorari. Thereafter, on January 12, 1995, appellant filed the present cause of action that is now before this court on appeal.
In her 1995 complaint, appellant adopted and incorporated her 1988 complaint and sought judgment in the amount of $26,500, plus prejudgment interest. Appellant asserted that our opinion in Lierenz v. Bowen (Jan. 14, 1994), Erie App. No. E- 92-71, dismissed the case other than on the merits and, as such, she could refile her complaint within one year of our dismissal, pursuant to R.C. 2305.19. Appellant additionally alleged as follows, "Plaintiff remains the Executrix of Karl R. Lierenz's estate which has been, and is being, administered in the Huron County Probate Court." Appellant further alleged that the probate estate "remains open."
On January 31, 1995, appellees filed a motion to strike, arguing that this court found in Lierenz v. Bowen (Jan. 14, 1994), Erie App. No. E-92-71, that appellant's October 8, 1992 reinstatement as executrix was void, pursuant to R.C. 2109.35. On August 26, 1997, the trial court denied appellees' motion to strike and granted them leave to file an answer.
On November 19, 1997, appellant filed a motion for summary judgment on her complaint and for prejudgment interest. On November 26, 1997, appellees also filed a motion for summary judgment. Appellees asserted that, pursuant to Lierenz v. Bowen (Jan. 14, 1994), Erie App. No. E-92-71, appellant needed to establish one of the grounds specified in R.C. 2109.35 in order for the estate to be re-opened and for her to be reinstated as executrix. Based upon stipulations entered into by the parties, appellees asserted that appellant could not prove any reason, set forth in R.C. 2109.35, for vacating the judgment entry settling the estate and discharging appellant as executrix. Accordingly, appellees asserted that appellant was not the real party in interest and could not bring the cause of action, the matter was res judicata, and the complaint should be dismissed. On December 29, 1997, appellees filed a supplemental memorandum regarding their motion for summary judgment. Appellees again argued that the probate court had no authority to re-open the estate because they were not given notice of appellant's intention to re-open, as required by R.C. 2109.35.
On December 29, 1997, appellant responded to appellees' motion for summary judgment. Appellant argued that it was incorrect for this court to dismiss the 1988 case in the 1992 appeal on the grounds that appellant was not the real party in interest. Rather, this court should have given her an opportunity to substitute the real party in interest, as set forth in Civ.R. 17(A). Appellant also argued that she should not be denied her cause of action on purely technical grounds. Appellant asserts that the facts and evidence remain the same whether the action is brought by her in her capacity as executrix or in her individual capacity and, as such, appellant is not prejudiced from this alleged "defect in the pleadings." See R.C. 2309.59.
On September 12, 2001, the trial court denied appellees' motion for summary judgment; denied appellant's motion to join herself, individually, as a plaintiff; granted appellant's motion for summary judgment, but denied her motion for prejudgment interest. Appellant appealed the trial court's denial of her motion for prejudgment interest and raises the following sole assignment of error:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION FOR PREJUDGMENT INTEREST PURSUANT TO R.C. § 1343.03(A), WHERE APPELLANT'S SOLE CLAIM WAS BASED ON BREACH OF CONTRACT; AND LIABILITY WAS DETERMINED AND DAMAGES WERE AWARDED IN APPELLANT'S FAVOR."
Appellees cross-appealed the trial court's denial of their motions to strike and for summary judgment and raise the following assignments of error:
 "I. THE TRIAL COURT ERRED IN DENYING APPELLEES [sic] MOTION TO STRIKE.
 "II. THE TRIAL COURT ERRED IN DENYING APPELLEES [sic] MOTION FOR SUMMARY JUDGMENT.
 "III. THE TRIAL COURT ERRED IN FAILING TO FOLLOW THE LAW OF THE CASE.
 "IV. THE TRIAL COURT ERRED IN FAILING TO CONSIDER APPELLEES' MOTION TO AWARD DAMAGES FOR FILING A FRIVOLOUS CLAIM."
Nothing has changed since our decision in Lierenz v. Bowen (Jan. 14, 1994), Erie App. No. E-92-71. Appellant already allegedly had been reinstated by the probate court at the time we entered our decision, yet we nevertheless held that appellant was not able to maintain the cause of action against appellees, as she had been discharged as the executrix of Mr. Lierenz's estate. Appellant argues we incorrectly reviewed the probate court's re-opening of the estate; however, pursuant to the doctrine of the law of the case, the "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3.
Moreover, we note that there is no evidence in this record that the estate was re-opened or that appellant was reinstated as executrix. The documents from the probate court settling the estate and discharging appellant as executrix are properly attached to appellees' motions; however, there is no evidence of the alleged October 8, 1992 probate court order in the record for our review. Accordingly, we find that reasonable minds can only conclude that Mr. Lierenz's estate has been settled and appellant has been discharged as executrix. As such, we find that appellant cannot maintain a cause of action against appellees on behalf of the estate.
Appellant argues that she is the sole beneficiary to the estate and, as such, should be able to maintain the cause of action in her individual capacity as well. We disagree. Mr. Lierenz, not appellant, was the real party in interest in this cause of action. Due to his death, his estate then became the real party in interest. Appellant is therefore not entitled to pursue this action on her own behalf.
We are not unsympathetic to appellant's inability to pursue a claim under the contract; however, we note that appellant's predicament is of her own making. Had she not prematurely closed Mr. Lierenz's estate, appellant would not be in this position. Through her actions, appellant has frustrated the estate's ability to pursue its cause of action against appellees.
Accordingly, we find that the trial court should have granted appellees' motion to dismiss and dismissed appellant's complaint. Appellees' second and third assignments of error are therefore found well-taken. We find, however, that appellees did not demonstrate that appellant's complaint was "scandalous," pursuant to Civ.R. 12(F), or that Civ.R. 11 sanctions were warranted. As such, appellees' first and fourth assignments of error are found not well-taken. Based on the foregoing, insofar as appellant's sole assignment of error is moot, we find it not well-taken.
On consideration whereof, this court finds substantial justice has not been done. The judgment of the Erie County Court of Common Pleas, granting appellant judgment against appellees, is reversed. We further find that the decision of the Erie County Court of Common Pleas denying appellees' motion to dismiss appellant's complaint is also reversed. Accordingly, pursuant to App.R. 12(B), we hereby order that appellant's complaint against appellees is dismissed. Costs of this appeal to be paid by appellant.
JUDGMENT REVERSED.
Melvin L. Resnick, J., James R. Sherck, J, and Richard W. Knepper, J., CONCUR.