{¶ 16} I concur in judgment only because I find the law of the case compels the result reached by the majority.
 {¶ 17} In Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, the court explained that "the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.
 {¶ 18} "* * * the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. * * *
 {¶ 19} "In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. * * * Moreover, the trial court is without authority to extend or vary the mandate given." Id. [citations omitted].
 {¶ 20} In this case, the Ohio Supreme Court directed that "[i]nterest is to be computed by the trial court from the date of settlement, consistent with our decision in Hartman v. Duffey,95 Ohio St.3d 465." Snyder v. Lindsay, 96 Ohio St.3d 32, 2002-Ohio-3319. It is undisputed that defendants-appellants paid the settlement amount on March 24, 2000 and that defendants have tendered the amount of interest that accrued between February 14, 2000 and March 24, 2000. Accordingly, the award of additional interest is contrary to the law of the case and the order should be reversed on that basis.