JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant Dewight White appeals, pro se, from the trial court's order denying his most recent" Motion for Post-Conviction Relief and to Withdraw the Petitioner's Guilty Plea Pursuant to Criminal Rule 32.1." For the reasons that follow, we affirm.
 {¶ 3} Defendant has repeatedly petitioned this Court to review his 1996 guilty plea, conviction, and sentence through a variety of procedural mechanisms ranging from direct appeals to mandamus actions. See State ex rel. White v. Suster, Cuyahoga App. No. 83072, (petition for writ of mandamus denied); State exrel. White v. Suster, Cuyahoga App. No. 83277, 2003-Ohio-4956 (petition for writ of mandamus denied); State v. White,
Cuyahoga App. No. 81368, 2003-Ohio-178 (affirming trial court judgment denying motion to withdraw guilty plea); State ex rel.White v. Suster, Cuyahoga App. No. 81031, 2002-Ohio-2263 (petition for writ of mandamus denied); State v. White (May 8, 2002), Cuyahoga App. No. 81175 (motion for delayed appeal denied); State v. White (Dec. 20, 2001), Cuyahoga App. No. 79135 (affirming trial court judgment denying motion to correct sentence); State ex rel. White v. Suster (Dec. 13, 2001), Cuyahoga App. No. 79983 (petition for writ of mandamus denied);State v. White (Mar. 22, 2001), Cuyahoga App. No. 78562 (affirming trial court judgment denying motion to withdraw guilty plea); State v. White (Nov. 29, 2001), Cuyahoga App. No. 78190 (affirming trial court judgment denying motion for postconviction relief); State ex rel. White v. Suster (Jan. 29, 2001), Cuyahoga App. No. 78951 (petition for writ of mandamus denied);State ex rel. White v. Suster (Sept. 7, 2000), Cuyahoga App. No. 78387 (petition for writ of mandamus denied); State ex rel.White v. Suster (Aug. 3, 2000), Cuyahoga App. No. 77894 (petition for writ of mandamus denied); State v. White (Mar. 31, 2000), Cuyahoga App. No. 77741 (motion for delayed appeal denied); State v. White (Feb. 28, 2000), Cuyahoga App. No. 77571 (motion for delayed appeal denied); State v. White (May 15, 1998), Cuyahoga App. No. 74403 (motion for delayed appeal denied); State v. White (Apr. 3, 1998), Cuyahoga App. No. 74135 (motion for delayed appeal denied). As we have set forth the facts in our previous decisions, we will not reiterate them again here.
 {¶ 4} In the majority, if not all of the proceedings initiated by defendant in this Court, defendant has raised the issue of his plea and sentence as being in violation of R.C.2943.031, the immigration advisement statute. We have consistently affirmed the trial court. Ibid. On April 21, 2003, defendant filed a successive motion for postconviction relief and motion to withdraw his guilty plea. The court denied the motion and defendant seeks to utilize that ruling to have us, yet again, address the effect of R.C. 2943.031 on his guilty plea through the following error:
 {¶ 5} "I. The trial court erred when it denied the appellant's motion to vacate his guilty plea."
 {¶ 6} We have thoroughly reviewed and resolved the issues raised by defendant under this assignment of error in our previous decisions. Id. Accordingly, this assignment of error is overruled based upon the law of the case doctrine and res judicata. Id; see, also, Nolan v. Nolan (1984), 11 Ohio St.3d 1
and State v. Perry (1967), 10 Ohio St.2d 175.
 {¶ 7} Defendant's sole assignment of error is overruled.
 {¶ 8} The judgment is affirmed.
Judgment affirmed.
Celebrezze, Jr., P.J., and Calabrese, Jr., J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.