JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Darllel B. Orr, appeals from the order of the trial court entered after remand from this court. For the reasons that follow, we affirm.
 {¶ 2} In State v. Orr, Cuyahoga App. No. 83749, 2004-Ohio-3862, this court affirmed appellant's convictions and sentence for two counts of aggravated robbery with firearm specifications, two counts of kidnapping with firearm specifications, carrying a concealed weapon, and having a weapon while under disability.
 {¶ 3} In that opinion and judgment entry, this court rejected appellant's arguments that the trial court refused to accept a plea agreement negotiated between him and the State of Ohio and that it erred in failing to engage in a meaningful plea colloquy with him regarding the plea. Id. at ¶¶ 31-35.
 {¶ 4} This court found, however, that in sentencing appellant, the trial court had erred in informing him that he would be "on community control for three years, during which time [appellant would] pay a fine of five thousand dollars plus court costs." Id. at ¶ 37. We noted that the trial court had obviously intended to inform appellant that he was subject to a period of post-release control upon his release from prison, but had used the wrong word in terming the period as "community" control. Id. at ¶ 38.
 {¶ 5} Further, this court found that "pursuant to R.C. 2967.28(B)(1), appellant's most serious convictions, viz., his convictions for first-degree felonies, carry a mandatory five-year period of post-release control, rather than a period of three years." Id. at ¶ 39. Accordingly, this court stated:
 {¶ 6} "Thus, in order to satisfy the directive set forth in R.C.2929.19(B)(3), this court deems it necessary to remand this case to the trial court for the sole purpose of holding a limited sentencing hearing at which appellant is advised he is subject to a five-year statutory period of post-release control." Id. at ¶ 40.
 {¶ 7} The record reflects that upon remand, the trial court held a limited sentencing hearing, at which it informed appellant that upon release from prison, he would be subject to five years of post-release control. This appeal followed.
 {¶ 8} Initially, we note that at page v. of his brief, appellant lists the same three assignments of error presented in his first appeal as the "Issues Presented" by this appeal. In the body of his brief, however, appellant sets forth and argues two new assignments of error: (1) the trial court erred in not conducting a de novo sentencing hearing upon remand; and (2) the trial court erred in increasing the term of post-release control from three to five years. Because the three issues identified by appellant on page v. of his brief were resolved in his first appeal, we address only the two assignments of error identified in the body of appellant's brief.
 {¶ 9} In Nolan v. Nolan (1984), 11 Ohio St.3d 1, the Ohio Supreme Court summarized the doctrine of the law of the case as follows:
 {¶ 10} "The doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.
 {¶ 11} "* * * The rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.
 {¶ 12} "In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. Moreover, the trial court is without authority to extendor vary the mandate given." (Emphasis added; citations omitted).
 {¶ 13} Here, the mandate given to the trial court upon remand was that it hold "a limited sentencing hearing" for the sole purpose of advising appellant that upon release from prison, he would be subject to five years of post-release control. The record reflects that the trial court did exactly that. Accordingly, we find no error in the trial court's judgment.
 {¶ 14} Moreover, the record reflects that appellant raised no objection at the limited sentencing hearing to the trial court's failure to hold a sentencing hearing de novo or to the court's imposition of five years' post-release control. Having failed to object, appellant has waived any perceived error except for plain error. State v. Smith
(1997), 80 Ohio St.3d 89, 107. We find no plain error here, as the trial court followed the mandate given to it. Appellant's first and second assignments of error are therefore overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Cooney, J., concur.