{¶ 1} Kimberly Knapp ("Mother") appeals from the child support order in the Lawrence County Common Pleas Court favoring Michael Travis Knapp ("Father"). On appeal, Mother contends that the trial court exceeded the mandate from this court in the prior appeal when it re-calculated the amount of child support. See Knapp v. Knapp, Lawrence App. No. 05CA2,2005-Ohio-7105 ("Knapp I"). Because in Knapp I we did not have enough information to review the amount of the child support ordered and because the trial court did not violate the law of the case doctrine when it re-calculated the amount, we disagree. Accordingly, we overrule Mother's sole assignment of error and affirm the judgment of the trial court.
 I. *Page 2 {¶ 2} The parties married, became the parents of one child, and divorced. The Father appealed from the divorce decree in Knapp I and contended in his second assignment of error that the trial court erred as a matter of law when it ordered him to pay child support for two reasons, i.e. because (1) the trial court utilized the wrong child support computation worksheet and did not attach the worksheet to the order and (2) he is the child's residential parent and legal custodian. We addressed Father's first reason for error regarding the child support but did not address his second reason for error.
We stated:
 We find merit in Father's second assignment of error to the extent that the trial court failed to: (1) complete a child support guideline worksheet and include it in the record; (2) determine that the guideline amount of support would be unjust, inappropriate, and not in the best interest of the child; and (3) make findings of fact to support a deviation from the guideline amount of child support. These errors have deprived this court of an adequate record to ensure that the trial court's child support order is subject to meaningful review. Therefore, at this time we decline to address Father's contention that the court cannot order him to pay child support to the non-custodial parent. Accordingly, we sustain Father's second assignment of error in part. (Emphasis added.)
 {¶ 3} We remanded the case to the trial court for further proceedings consistent with our opinion. On remand, the trial court (1) completed a child support guideline worksheet and included it in the record; (2) determined that the guideline amount of support would be unjust, inappropriate, and not in the best interest of the child; and (3) made findings of fact to support a deviation from the guideline amount of child support. *Page 3 
 {¶ 4} Based on carrying out our three requests, the amount of child support changed. Father was no longer obligated to pay child support. Instead, Mother was obligated to pay.
 {¶ 5} Mother appeals the trial court's decision and asserts one assignment of error: "THE TRIAL COURT ERRED IN ADOPTING THE PLAINTIFF-APPELLEE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW WHEN THE DIRECTIVE OF THIS COURT WAS MERELY TO ATTACH A COMPUTATION SHEET AND TO STATE IN THE ORDER THE REASON FOR THE RESULT ORIGINALLY REACHED."
 II. {¶ 6} In her sole assignment of error, Mother contends that the trial court erred when it changed the amount of the child support. She claims that the court exceeded the mandate that we gave the court. In essence, Mother maintains that we agreed with the amount of child support in Knapp I, and therefore, the trial court did not have the authority to change it.
 {¶ 7} To resolve this issue, we must first determine the "law of the case." We will undertake a de novo review to answer this legal question. See, e.g., Yazdani-Isfehani v. Yazdani-lsfehani, 170 Ohio App.3d 1,2006-Ohio-7105, ¶ 20.
 {¶ 8} The Ohio Supreme Court discussed the "law of the case" doctrine in Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3: "Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. (Cites *Page 4 
omitted.) The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. (Cite omitted.) However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. (Cite omitted.)"
 {¶ 9} Here, we cannot find that the amount of child support ordered in Knapp I became the law of the case after our review. We simply did not have enough information to make a decision on the correct amount of child support. See Knapp I at ¶ 26. We needed to know the proper amount, and therefore, who was obligated to pay before we addressed the issue of whether the residential parent and legal custodian could be obligated to pay child support. Consequently, because we never found that the ordered amount of child support in Knapp I was correct, the amount did not become the law of the case for all subsequent proceedings in the case at both the trial and reviewing levels.
 {¶ 10} Accordingly, we overrule Mother's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 5 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. and Abele, J.: Concur in Judgment and Opinion. *Page 1