[Cite as *State v. Davison*, 2021-Ohio-3941.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29120 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-1560 |
| | : | |
| JAMES A. DAVISON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 5th day of November, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHARLES W. SLICER, III, Atty. Reg. No. 0059927, 426 Patterson Road, Dayton, Ohio 45419
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} James A. Davison appeals from the trial court's resentencing entry imposing separate sentences on two three-year firearm specifications pursuant to a mandate from this court. Davison asks us to "revisit" our prior mandate regarding separate sentences and to reverse the trial court's imposition of such sentences. For the following reasons, we affirm.

## Factual and Procedural History

{¶ 2} Davison was found guilty and sentenced on charges of aggravated murder, murder, evidence tampering, improper handling of a firearm in a motor vehicle, and various specifications. Davison appealed, and the State cross-appealed. On review, we overruled Davison's assignments of error. On the cross-appeal, we reversed the trial court's judgment insofar as it had merged two substantive offenses. We also reversed the trial court's merger of multiple three-year firearm specifications into one. *See State v. Davison*, 2d Dist. Montgomery No. 28579, 2021-Ohio-728 ("*Davison I*"). The Ohio Supreme Court denied review in *State v. Davison*, 164 Ohio St.3d 1447, 2021-Ohio-3336.

{¶ 3} Consistent with our mandate, the trial court resentenced Davison and imposed separate prison terms on three-year firearm specifications attendant to his aggravated murder and murder convictions. This appeal followed.

## Analysis

{¶ 4} Davison's sole assignment of error states:

THE COURT ERRED IN FAILING TO MERGE APPELLANT'S FIREARM

SPECIFICATIONS.

{¶ 5} Davison asks us to "revisit" our mandate in *Davison I* directing the trial court to impose separate sentences on the two three-year firearm specifications referenced above. His appellate brief effectively functions as a motion for reconsideration of *Davison I*. He contends the trial court did not err when it originally merged all of the three-year firearm specifications into one and that we erred in holding otherwise.

{¶ 6} Upon review, we conclude that Davison's assignment of error lacks merit. The law-of-the-case doctrine precludes him from challenging our holding in *Davison I*. "[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St. 3d 1, 3, 462 N.E.2d 410 (1984). Therefore, "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Id.* at syllabus.

{¶ 7} Our mandate in *Davison I* directed the trial court to impose separate sentences on three-year firearm specifications accompanying the appellant's aggravated murder and murder convictions. The trial court had no liberty to disregard our mandate, and the law-of-the-case doctrine precludes Davison from challenging our prior determination that separate sentences were required.

{¶ 8} Finally, even if the law-of-the-case doctrine did not apply, we would find Davison's assignment of error to be unpersuasive. He raises no new issue or argument that we failed to address in *Davison I*. He simply disagrees with our holding and asks us to "revisit" it.

{¶ 9} In *Davison I*, we addressed the firearm specifications and reasoned as follows:

Under R.C. 2941.145, Davison was found guilty of multiple three-year firearm specifications for having a firearm on or about his person while committing his offenses and displaying, brandishing, indicating that he possessed, or using it to facilitate the offenses. Davison also was found guilty of multiple five-year firearm specifications under R.C. 2941.146 for purposely or knowingly causing or attempting to cause the death of or physical harm to another by discharging a firearm from a motor vehicle.

In [*State v. Howard*, 2020-Ohio-3819, 156 N.E.3d 433 (2d Dist.)], we recognized that when a defendant is found guilty of a three-year and a five-year firearm specification accompanying the same offense, a trial court is required to impose both a three-year prison term and a five-year prison term. *Howard* at ¶ 96-97. The trial court correctly did so in the present case. The issue raised by the State's appeal is whether the trial court should have merged the multiple three-year firearm specifications into one. *Howard* answers that question in the negative.

Although a trial court ordinarily may impose only one additional three-year prison term for multiple firearm specifications committed as part of the same act or transaction (*see* R.C. 2929.14(B)(1)(b)), an exception is created by R.C. 2929.14(B)(1)(g), which provides:

If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder,

attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

Here, Davison was convicted of, among other things, aggravated murder and murder, and he was convicted of three-year firearm specifications of the type described under R.C. 2929.14(B)(1)(a) in connection with both of those felonies. Therefore, the trial court was required to impose the three-year prison term specified under R.C. 2929.14(B)(1)(a) "for each of the two most serious specifications" of which Davison was convicted. In short, R.C. 2929.14(B)(1)(a) obligated the trial court to impose separate prison terms for the three-year firearm specifications accompanying Davison's aggravated murder and murder convictions.

The foregoing sentencing obligation was not satisfied by merging the three-year firearm specifications into one, merging the five-year firearm specifications into one, and imposing a three-year prison sentence and a

five-year prison sentence. *Howard* at ¶ 94. This is so because R.C. 2929.14(B)(1)(g)'s requirements apply to convictions for firearm specifications under R.C. 2929.145, which includes Davison's three-year firearm specifications. It does not apply to convictions for five-year firearm specifications under R.C. 2929.146.3. *Id.*

\* \* \*

\* \* \* Although the trial court correctly imposed three-year and five-year prison terms on Davison's firearm specifications under R.C. 2941.145 and R.C. 2941.146, it was obligated by R.C. 2929.14(B)(1)(g) to sentence Davison on a three-year firearm specification for the aggravated murder of Darion Harris and on a second three-year firearm specification for the murder of Ashley James. \* \* \*

(Footnote omitted.) *Davison I* at ¶ 38-44.

{¶ 10} In his present appeal, Davison continues to argue that the trial court complied with R.C. 2929.14(B)(1)(g) by imposing a three-year prison term and a five-year prison term for his firearm specifications. In *Davison I*, we explained why that is incorrect and why the trial court was obligated to impose two separate three-year prison terms in addition to a five-year term. We see no error in our resolution of the issue.

### Conclusion

{¶ 11} Davison's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Charles W. Slicer, III
Hon. Mary Lynn Wiseman