[Cite as *Lucas v. Byers*, 2021-Ohio-4373.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

JASON C. LUCAS,

      Plaintiff-Appellee,

- v -

LINDSAY N. BYERS,

      Defendant-Appellant.

CASE NO. 2021-L-007

Civil Appeal from the
Court of Common Pleas,
Juvenile Division

Trial Court No. 2016 CV 00054

## O P I N I O N

Decided: December 13, 2021
Judgment: Affirmed

*Kenneth J. Cahill,* Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Plaintiff-Appellee).

*Joseph G. Stafford* and *Nicole A. Cruz,* Stafford Law Co., LPA, 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Defendant-Appellant).

*Cory R. Hinton,* Hanahan & Hinton, LLC, 8570 Mentor Ave., Mentor, OH 44060 (Guardian ad litem).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Lindsay N. Byers ("mother"), appeals from the December 23, 2020 judgment of the Lake County Court of Common Pleas, Juvenile Division, denying her motion to show cause. In her motion, mother alleged appellee, Jason C. Lucas ("father"), should be held in contempt for failing to adhere to a December 31, 2019 judgment regarding visitation of the parties' minor child, D.L. We affirm.

{¶2} In January 2016, father filed a complaint requesting allocation of parental rights and responsibilities. The matter proceeded to a hearing which resulted in a January 18, 2017, order naming mother the residential parent for school purposes. On May 11, 2018, father moved the trial court to designate him the sole residential parent and legal custodian of the minor child. After significant motion practice, a pretrial conference was held on December 12, 2018, at which the parties and the guardian ad litem ("GAL") indicated they had reached an agreement regarding custody and an agreed judgment entry was subsequently filed. Mother, however, eventually moved to vacate the previous agreed entry. The motion was granted on March 19, 2019.

{¶3} The matter finally proceeded to a bench trial on, inter alia, father's May 11, 2018 motion. Following trial, on December 31, 2019, the trial court issued an order which found the circumstances had changed since the initial allocation of parental rights; the court additionally concluded D.L.'s best interests would be served by designating father the sole residential parent and legal custodian. The court also ordered mother to have supervised visitation with D.L. Mother appealed and, on January 29, 2021, in *Lucas v. Byers*, 11th Dist. Lake Nos. 2020-L-010, 2020-L-049, and 2020-L-050, 2021-Ohio-246 ("*Byers I*"), this court affirmed various judgments of the trial court.

{¶4} Meanwhile, on September 22, 2020, mother filed a motion to show cause regarding the parenting schedule. She argued that father has failed to comply with the December 31, 2019 order, which stated, as of August 27, 2020, she shall have parenting time pursuant to the Lake County Ohio Juvenile Rule V (which set forth general rules for unsupervised visitation). Mother claimed father had deprived her of this time, in violation of the order. The trial court held the matter in abeyance. Later, on November 18, 2020,

2

father filed a combined motion to show cause and "modify" the December 2020 judgment to reflect the court's actual intention; namely, that, to the extent mother had failed to meet all conditions precedent set forth in the order, she was not entitled to Rule V parenting. According to father, mother had failed to meet all of these conditions.

{¶5} On November 24, 2020, while the appeal of the December 2019 judgment was still pending, the trial court issued a nunc pro tunc entry with the following change: "**If the foregoing conditions are complete** as of August 27, 2020, Mother shall have parenting time pursuant to Lake County Ohio Juvenile Rule V." (Emphasis sic.) The "foregoing conditions" referred to various conditions set by the court in its December 31, 2019 judgment, with which mother had failed to comply.

{¶6} After the trial court issued the November 2020 order, mother filed an original action in prohibition with this court. Mother requested this court to issue an order preventing the trial court from enforcing the November 2020 nunc pro tunc entry, arguing the trial judge did not have jurisdiction to modify the December 31, 2019 entry while the appeal of that original judgment was pending with this court. The trial judge filed a motion to dismiss the appeal, pursuant to Civ.R. 12(B)(6). On April 19, 2021, this court granted the motion, concluding the trial court possessed jurisdiction to determine its own jurisdiction and mother had an adequate remedy at law via a direct appeal of the trial court's judgment. *State ex rel. L.N.B. v. Lawson*, 11th Dist. Lake No. 2020-L-121, 2021-Ohio-1365, ¶10-11 ("*Byers II*"). Mother subsequently appealed the trial court's November 2020 judgment, and this court affirmed the same, concluding the trial court possessed jurisdiction to clarify the judgment because mother did not challenge the nature of the

3

conditions in *Byers I*. *See Lucas v. Byers*, 11th Dist. Lake No. 2020-L-122, 2021-Ohio-2467, ¶14-17. ("*Byers III*").

{¶7} Ultimately, on December 18, 2020, the parties convened for a hearing on mother's motion to show cause. After receiving evidence, the trial court on December 23, 2020, denied the motion. It is worth noting that *Byers III* was still pending when mother filed her brief in the instant appeal of the trial court's December 2020 judgment. She now assigns one error relating to that order, which provides:

{¶8} "The trial court erred as a matter of law and abused its discretion by denying the Mother's motion to show cause."

{¶9} Mother contends that, during the hearing on her motion to show cause, the trial court did not disclose which judgment against which it would be assessing her assertion that father was in contempt of court, i.e., whether the court was considering her claims as they relate to the December 2019 judgment or the re-issued November 2020 judgment. She maintains, however, the former judgment was the only valid, final judgment. As a result, mother claims she established, by clear and convincing evidence, that father failed to comply with the order mandating that unsupervised, Rule V parenting should have, but did not commence as of August 27, 2020. In support, mother points to father's testimony on cross examination from the December 2020 hearing, in which he made the following statements:

{¶10} Q. Sir, do you recall the portion of the [December 31, 2019] order that specified that possession schedule in August would be changed?

{¶11} A. Yes.

Case No. 2021-L-007

{¶12} Q. And in reference to this, sir, what is the date of the possession schedule was to go to the Local Rule of Court?

{¶13} A. As of August 27, 2020.

{¶14} Q. Okay. When that possession schedule went to August - - I am sorry in August of [2020], did the mother in this case get access to your son for the visitation as specified in the entry?

{¶15} A. No.

{¶16} Q. I am sorry?

{¶17} A. No.

{¶18} Q. At that period of time did the - - was there any court order saying that you were permitted not to turn over the child at that time?

{¶19} A. No.

{¶20} Q. Do you see this order that is dated there 12/31, it is on the screen, "As of August 27, 2020, mother shall have parenting time to Lake County, Ohio, Juvenile Rule V? Do you see that, sir?

{¶21} A. Yes.

{¶22} Q. The transportation shall be pursuant to V. Do you see that?

{¶23} A. Yes.

{¶24} Q. Did you follow that court order, sir? Yes or no?

{¶25} A. No.

{¶26} Q. Was there any such - - any order from any court that told you not to comply with this court order, sir?

{¶27} A. No.

5

Case No. 2021-L-007

**{¶28}** Pursuant to the foregoing, mother asserts she established father was in contempt of the December 31, 2019 order and therefore the trial court erred in denying her motion to show cause. We do not agree.

**{¶29}** The law-of-the-case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3-4 (1984). In *Byers III*, mother claimed the trial court lacked jurisdiction to issue the November 2020 nunc pro tunc judgment because it was filed during the pendency of the appeal of the December 19, 2019 judgment in *Byers I*. This court, however, disagreed, holding the November 2020 judgment functioned to clarify the December 2019 judgment. This court reasoned that the November 2020 order "made it clear that the conditions it imposed *had to be completed by August 27, 2020, if mother wished to automatically have Juvenile Rule V parenting time.*" *Byers III*, *supra*, at ¶17. (Emphasis added). In so holding, this court confirmed not only that the trial court possessed jurisdiction to clarify this point, but also held that mother was required to meet the conditions as necessary precursors to trigger Rule V visitation. Upon this court's disposition of *Byers III*, the foregoing legal conclusions became "law of the case."

**{¶30}** We recognize that neither mother, nor father, nor the trial court had the benefit of this court's determination(s) in *Byers III* prior to the December 18, 2020 hearing. Nevertheless, this court's prior holding in *Byers III* demonstrates that the November 2020 judgment was controlling and any technical violation of the December 2019 judgment, which father admittedly violated by way of his failure to comply with Rule V visitation on August 27, 2020, was not a true violation of the court's actual order. The trial court's

6

November 2020 clarification emphasized that meeting the conditions set forth in the original December 2019 order was sine qua non to mother receiving Rule V visitation. Mother had not met those conditions at the time of the December 18, 2020 hearing. We therefore conclude the trial court did not err in overruling mothers show-cause motion.

{¶31} Mother's assignment of error lacks merit.

{¶32} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.


MARY JANE TRAPP, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-L-007